UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JUSTIN B. WARE, <br><br> Plaintiff, <br><br> v. <br><br> DIVERSIFIED CONSULTANTS, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:18-cv-00160 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes JUSTIN B. WARE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

1

## PARTIES

4. Plaintiff is a 22 year-old natural persons who works in and has received calls from Defendant while in the Southern District of Indiana.

5. Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an alleged AT&T debt in the approximate amount of $359.00 ("subject consumer debt") said to be owed by Plaintiff.

8. In approximately April 2018 Plaintiff began receiving collection calls to his cellular phone, (270) XXX-7183, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the account owner of the cellular phone ending in 7183 and has been financially responsible for the cellular phone and its services.

10. Defendant has used a variety of phone numbers to contact Plaintiff including (800) 771-5361 when placing calls to Plaintiff's cellular phone.

11. Upon information and belief, the above referenced phone number ending in 5361 is regularly utilized by Defendant during its debt collection activity.

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

12. When Plaintiff answers calls from Defendant he experiences a noticeable pause, lasting a multiple seconds in length, before a live representative begins to speak.

13. Upon speaking with Defendant, Plaintiff has been informed that it was seeking to collect upon the subject consumer debt.

14. Plaintiff immediately informed Defendant that he did not owe anything to AT&T as he always paid his monthly bill.

15. Plaintiff advised Defendant that he would contact AT&T and correct the situation. In response Defendant represented that Plaintiff contacting AT&T would not help and that he had to deal directly with it.

16. Directly related to Defendant's contacts Plaintiff called AT&T and confirmed that the subject consumer debt was not owed.

17. Defendant has continued to call Plaintiff's cellular phone seeking payment of the subject consumer debt, even after being told to stop, through the present.

18. On several occasions Defendant has called Plaintiff's cellular phone while he was traveling for work resulting in decreased job performance.

19. Plaintiff has never received any written correspondences from Defendant, yet the subject consumer debt is incorrectly listed on his credit report.

20. Frustrated over Defendant's conduct despite being told the subject consumer debt was not owed, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21. Plaintiff has expended assets dealing with Defendant's conduct.  Moreover, his credit has been negatively impacted by the reporting of erroneous information.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals since 1994.[2]

26. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA §1692c(a)(1) and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), prohibits a debt collector from calling "at any unusual time or place or time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. §1692d further prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

28. Defendant violated §1692c(a)(1), d and d(5) when it continued to call Plaintiff after being notified that he did not owe the subject consumer debt. When Defendant first spoke with Plaintiff it was informed that Plaintiff did not owe any money to AT&T. Notwithstanding the delivery of this information, Defendant continued to call Plaintiff seeking collection on the subject consumer debt. In so doing, Defendant was harassing Plaintiff in hope that even though he did not owe the

---

[2] http://www.acainternational.org/search#memberdirectory

subject consumer debt, continued collection efforts would ultimately compel him to make payment. The continued collection efforts demonstrate that Defendant willfully ignored Plaintiff's statements with the goal of annoying and harassing him. Further, armed with the knowledge that the subject consumer debt was not owed, Defendant knew or should have known that continued calls to Plaintiff were inconvenient and unwelcomed.

    b.  **Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

31. Defendant violated § 1692e, e(2), e(8), and e(10) when it represented to Plaintiff that he was responsible for the subject consumer debt. It was deceptive and false for Defendant to represent that Plaintiff owed the subject consumer debt. Plaintiff informed Defendant that he did not owe AT&T any money. Nevertheless, Defendant continued calling to collect on Plaintiff, further representing his purported obligation to pay. Defendant made these deceptive representations with the hope that he would be mislead into making payment on a debt he did not owe.

32. In telling Plaintiff that calling AT&T would not help and that he had to deal directly with it, Defendant used deceptive means in pursuit of payment.  Moreover, Defendant's failure to report

Plaintiff's account as disputed after being armed with such information was in violationof the FDCPA.

### c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect money from Plaintiff on an obligation which he did not owe. It is unfair and unconscionable to attempt to collect money form an individual knowing he had no obligation to pay the subject consumer debt.

WHEREFORE, Plaintiff JUSTIN B. WARE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 31, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim                                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                          Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                   *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                  thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com